IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-351 T
(Judge Emily C. Hewitt)

GISELE C. FISHER,

Plaintiff,

v.

THE UNITED STATES, Defendant.

# JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A, Part III, ¶¶ 4 and 5, RCFC, the parties hereby provide the Joint Preliminary Status Report:

¶ 4

(a) Jurisdiction: The jurisdiction of this Court is conferred by 28 U.S.C. § 1491(a)(1).

(b) Consolidation: There is no other case filed or expected to be filed that should be consolidated with this action.

(c) Bifurcation of liability and damages:

Plaintiff: Because the issue in this case is the proper amount of a tax refund, bifurcation is not helpful or necessary to the resolution of the case.

Defendant: This is a tax refund suit and as such there are no damages" at issue. The taxpayer must demonstrate that she is entitled to a refund of gift taxes and the amount of such refund.

(d) Deferral of proceedings: There is no reason known to either party at present to defer these proceedings.

(e) Remand or suspension: As a tax refund suit, remand is not an option. There is no basis currently known to the parties to request a suspension of proceedings.

(f) Additional parties: There are no additional parties to be joined in this action.

(g) Dispositive motions:

Plaintiff: While unlikely that dispositive motion(s) will dispose of the entire case, it is possible that plaintiff may file such a motion that would dispose of certain portions of this case, thereby limiting the issues for trial.

Defendant: At this time, the defendant does not intend to file dispositive motions. As this tax refund suit concerns the valuation of certain stock and expert testimony is expected from both parties, disposition by summary judgment likely is not a viable option for resolving this action.

(h) Factual and legal issues:

Plaintiff: Plaintiff seeks a refund of federal gift tax paid, plus interest. At issue is the valuation of 956 shares of a closely held corporation. The parties disagree as to the proper value. Expert testimony will be introduced to determine the proper valuation. Specifically, the parties disagree as to (1) the proper deduction for built-in gains and (2) the discount to be applied to the shares due to the fact that the corporation is closely held. While the plaintiff typically has the burden of proof in tax refund cases, here, upon plaintiff's introduction of credible evidence, that burden will shift to the government in accordance with 26 U.S.C. Section 7491(a)(1).

Defendant: The issue in a tax refund case is whether the plaintiff can establish that the taxes at issue have been overpaid. See Lewis v. Reynolds, 284 U.S. 281 (1932); Dysart v. United States, 169 Ct. Cl. 276, 340 F.2d 624 (1965). Here, the subsidiary issue is the fair market value of certain stock of a closely held company that the plaintiff transferred to on or about March 10, 2000, to four separate "grantor retained income" trusts. The plaintiff claimed a value of $8,430 per share and paid federal gift taxes accordingly. The Internal Revenue Service determined a value of $12,338 per share and assessed additional gift taxes and interest accordingly. This is a de novo proceeding in which the plaintiff has the burden of proving the value of the shares at issue and the amount of refund due, if any.

(i) Settlement:

Plaintiff: While the parties have already made significant efforts toward settlement which have proven unsuccessful, after further discovery and exchange of expert reports, mediation may potentially be helpful toward resolution of this case.

Defendant: The defendant does not believe that utilizing alternative dispute resolution methods would be helpful in this case. The defendant notes that the plaintiff brought the matter raised in this action to the IRS Appeals office and was unable to reach a settlement with that office. The Tax Division has an excellent record of settling appropriate cases without invoking ADR techniques. If there is an opportunity to settle this case before commencing trial, defendant's counsel will pursue that opportunity.

(j) Trial: If the case is not settled, resolution by trial is expected. An expedited trial schedule would not be appropriate as extensive fact and expert discovery is necessary.

(k) Electronic case management: This case is designated as an ECF case. There are no special ECF needs anticipated at this time.

(l) Other information: None.

¶ 5

Discovery Plan:

The following discovery schedule is proposed:

– Close of Fact Discovery, February 1, 2007

– Disclosure of Plaintiff's Expert(s) and Report(s), on or before March 1, 2007

– Deposition of Plaintiff's Experts, on or before April 2, 2007

– Defendant's Experts Disclosure and Reports, on or before April 16, 2007

– Deposition of Defendant's Experts, on or before May 15, 2007

– Disclosure of Any Rebuttal Reports, by either party, on or before June 1, 2007

– Depositions of Any Rebuttal Experts, on or before July 2, 2007

– Close of All Discovery on July 2, 2007

Respectfully submitted,

9/21/2006
Date

s/Paul W. Oden
PAUL W. ODEN
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, Washington 98101
(206) 622-8484
FAX: (206) 622-7485
Paul.Oden@Millernash.com

Counsel for Plaintiff

9/21/2006
Date

s/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6580
FAX: (202) 514-9440
Robert.J.Higgins@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section

9/21/2006
Date

s/Mary M. Abate
Of Counsel

Attorneys for Defendant