IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-351 T

(Judge Emily C. Hewitt)

GISELE C. FISHER,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

UNITED STATES' MOTION IN LIMINE

COMES NOW the defendant, the United States of America, and pursuant to the Court's Order of June 21, 2007, hereby moves in limine to exclude from testifying at the trial scheduled to commence on October 16, 2007, one witness identified on Plaintiff's List of Witnesses filed on August 6, 2007, and to exclude from consideration for admission into evidence certain exhibits described in Plaintiff's List of Exhibits, also filed on August 6, 2007, as more fully described below.

Plaintiff's List of Witnesses

Plaintiff has listed as a witness one Dan Duderjohn. It is evident from plaintiff's filing that Duderjohn is being offered as an expert witness to be available in case T.S. Tony Leung, a previously designated expert who was deposed by the United States, is for some reason unavailable to testify at trial. The Court may recall that the trial date for this matter was shifted

from September 25, 2007, to October 16, 2007, at least in part, to accommodate Leung's vacation travel plans. However, Duderjohn was not identified as an expert witness during discovery and has not submitted a report at any time.

Plaintiff clearly has not complied with the Court's Order of October 4, 2006, establishing a March 1, 2007, deadline for disclosing plaintiff's expert witnesses and reports. There is no justification for plaintiff trying to add an expert witness as trial approaches and without a report of his own. Plaintiff, and her disclosed expert, Leung, have continuously represented that the report prepared by Leung was his own report, not that of others who work for his firm. Defendant's counsel first learned of Duderjohn when witness and exhibit lists were provided at the meeting of counsel on July 16, 2007. Plaintiff's counsel was informed of the defendant's objections, as stated herein, at that time.

Plaintiff clearly was aware of the Court's deadlines for revealing expert witnesses and the rights of the United States to take the depositions of designated expert witnesses. Leung was identified by the plaintiff as its expert, and provided his report, by the Court's March 1, 2007, deadline. Furthermore, the plaintiff did not disclose Duderjohn as a rebuttal expert by the Court's deadline of July 1, 2007. Plaintiff did disclose a rebuttal expert, James Rabe, and provided his report, by that deadline. The failure to abide by the Court's Order and timely disclose Duderjohn as an expert witness, and provide a report written by him–not another witness– obviously prejudices the United States and requires his exclusion from testifying at the trial scheduled to commence on October 16, 2007. *See Avance v. Kerr-McGeeChemical*, LLC, 2006 WL 3484246 (E.D. Tex.).

Plaintiff's List of Exhibits

The United States objects to the consideration of the following exhibits identified by the plaintiff:

Exhibit No. 1: The valuation report prepared by T.S. Tony Leung. The objection is on the grounds of hearsay. FRE 802. Though expert's reports are often admitted into evidence by stipulation or as a court exhibit when the expert testifies, plaintiff has raised the spectre of Leung not testifying at the trial of this matter and the United States object's to admission of Leung's report absent his live testimony at trial.

Exhibit No. 24: Valuation Report of D.R. Fisher Company as of January 6, 1987. Objection on grounds of relevance and hearsay. FRE 401, 402; 802. This report was prepared by Leung also. It is not relevant to this matter and is clearly an "out of court statement." If Leung appears at trial, he can testify about the contents of this report, if the Court determines its contents are relevant to the March 10, 2000, valuation at issue here.

Exhibit No. 25: IRS administrative critique of a Leung report provided the IRS during the administrative proceeding. This critique is not relevant as this is a *de novo* proceeding. The IRS administrative proceeding is not being reviewed by the Court.

Exhibits Nos. 34 through 57: These designated exhibits consist of various publications of non-testifying witnesses and are objectionable on hearsay grounds. FRE 802. Though the hearsay exception for "learned treatises" may

apply to portion of a few of these exhibits, it is unlikely plaintiff's expert witnesses will refer to the entire contents of all of these designated exhibits, such as Exhibits 34 and 35. FRE 803(19). Similarly, the hearsay exception of "market reports, commercial publications" may apply for some of these designated exhibits, such as Exhibits 36 and 37, but it is not likely that the entirety of any such publication would be relevant to this case. In addition, the practicality of admitting into evidence some of the treatises and reference materials listed as exhibits is highly questionable, such as Exs. 33 and 37. The United States assumes that if plaintiff is serious in moving for admission of all of these designated documents, the plaintiff plans to bring sufficient copies of each to the trial.

Respectfully submitted,

s/Robert J. Higgins

ROBERT J. HIGGINS
U.S. Justice Dept., Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-3423
FAX: (202) 514-9440

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Assistant Chief
Court of Federal Claims Section

s/G. Robson Stewart

Of Counsel

August 27, 2007