IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-351-T
(Judge Emily C. Hewitt)

GISELE C. FISHER,

Plaintiff,

THE UNITED STATES,

Defendant.

PLAINTIFF'S RESPONSE TO
UNITED STATES' MOTION IN LIMINE

COMES NOW the Plaintiff, Gisele C. Fisher, and responds to the United States' Motion in Limine as follows:

Plaintiff's List of Witnesses

Defendant objects to the Plaintiff's identification of Dan Guderjohn as an expert witness in part because Mr. Guderjohn was not identified during discovery as an expert witness. Mr. Guderjohn was identified by Mr. Leung during the Defendant's deposition examination of Mr. Leung as the analyst who performed basic research, gathered financial information and put together the exhibits that went into the valuation report.

Plaintiff's List of Exhibits

Exhibits No. 1 and No. 24: Defendant objects to the valuation reports of Mr. Leung dated March 10, 2000 and January 6, 1987 on hearsay an relevancy grounds. However, Defendant acknowledges that the reports may be admitted into evidence by stipulation or as court exhibits if Mr. Leung testifies at trial of this matter.

Exhibit No. 25: Defendant objects to the admission of the IRS administrative critique of Mr. Leung's valuation report on the grounds that this gift tax refund action is a *de novo* proceeding and, further, that the IRS administrative proceeding is not being reviewed by the Court. Plaintiff submits that the critique is germane to this action for the following reasons: the critique valued the stock of the Company at the value used by the IRS as the basis for its deficiency notice to the Plaintiff; and the Defendant submitted the report to its expert, Dan Hanke, for his review in his preparation of his valuation report upon which the Defendant is expected to rely at trial.

Exhibits Nos. 34 through 36: These exhibits are treatises or reference materials expressly relied on by Defendant's expert as well as by Plaintiff's expert in formulating their opinion of value.

Exhibits 37 and 38: These are reference materials relied on by Plaintiff's rebuttal expert witness in formulating his opinion to which he will testify at trial.

Exhibit 39: This is a government publication relied on by Defendant's expert witness in formulating his opinion to which he will testify at trial.

Exhibit 41: This is a reference publication relied on in part by Plaintiff's rebuttal witness in the preparation of his opinions.

Exhibit 43: This is a reference source relied on by the Defendant's expert and Plaintiff's rebuttal witness in assessing valuation.

Exhibits 44-53. These exhibits are the studies on which Defendant's expert and Plaintiff's expert and rebuttal expert rely in part in their formulation of their opinions of value.

Further, Defendant acknowledges that the "learned treatises" exception to the hearsay rule will permit the admission of such portions of the Exhibits as Plaintiff's expert witness may identify. Similarly, Plaintiff may rely on the "market reports, commercial publications" exception to the hearsay rule for admission of designated portions of the Exhibits. Plaintiff expects the parties to stipulate to the admission of some of the identified Exhibits, as the same exhibits appear in the valuation reports of both parties' expert witnesses.

Based on the foregoing, Plaintiff submits that documents identified in Plaintiff's List of Exhibits will be admissible at trial, as relevant documents relied upon by both parties' expert witness, or otherwise as admissible under recognized exceptions to the hearsay rule.Respectfully Submitted,

s/ Paul W. Oden
PAUL W. ODEN
Attorney of Record
Miller Nash LLP
601 Union Street #4400
Seattle, WA 98101
(206) 622-8484 Phone
(206) 622-7485 Fax

OF COUNSEL

s/ Greg Montgomery
GREG MONTGOMERY

SEPTEMBER 6, 2007