IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-351-T
(Judge Emily Hewitt)

GISELE C. FISHER,

Plaintiff,

THE UNITED STATES,

Defendant.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
ADMISSION OF CHALLENGED EXHIBITS

Pursuant to this Court's Order of September 12, 2007, plaintiff submits this memorandum in support of the admissibility of certain exhibits to which the United States has raised objection. Attachment A to the declaration of Greg Montgomery contains Plaintiff's List of Exhibits as revised following the Pre-Trial Conference on September 11, 2007. Plaintiff seeks a ruling on the admissibility of Exhibits 24 and 33 through 50 on Plaintiff's List of Exhibits.

STATEMENT OF AUTHORITY IN SUPPORT OF ADMISSIBILITY

1. **The Lewis Olds Report – Plaintiff's Exhibit 24**

The Lewis Olds Report is Attachment B to the declaration of Greg Montgomery submitted in support of this memorandum. The objections raised to the exhibit are hearsay and relevance.

Under FRE 801(d)(2) (B and D), the Olds' Report is not hearsay. It is a statement by Mr. Olds as to the value of the asset that is the subject of this dispute, commissioned by the United States, made by Mr. Olds while acting for and in the employ of the United States, and adopted by the United States as the basis for the deficiency assessment that is the subject of this litigation.

Counsel for the United States concedes that Exhibit 24 was prepared by Mr. Olds while he was working as a contractor for the IRS (Transcript of September 11, 2007 proceedings at page 12, Lines 23-25). Attachment C to the declaration of Greg Montgomery is the final page of the IRS Form 886A – Explanation of Items reflecting the use of the Olds' report to value the stock at issue in this litigation and to calculate the deficiency on that basis.

When the United States used the Olds' report as the basis for the deficiency assessment in this case, it adopted the report as its own. Under FRE 801(d)(2)(B) the report is not hearsay. Certainly the act of assessing more than $1,000,000 in additional taxes based on the Olds report must constitute a manifestation of approval, adoption or belief in the truth of the report by the United States. *Flintkote Company v. Lysfjord,* 246 F.2d 368, 383 (9th Cir. 1957) *Cert. denied* 355 U.S. 835 (hearsay admissible against party if party with knowledge of content of statement manifests adoption or approval of statement or belief in truth of statement.)

It is conceded that Mr. Olds was employed by the IRS as a contractor for the purpose of preparing the report at issue and that he prepared the report during the course of his employment under contract with the United States. As such, the report is an admission of the United States and is not hearsay. *Eastman v. United States,* 212 F.2d 320, 322 (9th Cir. 1954) (extrajudicial statements of agent are admissible if it is established that out-of-court witness was an agent of party to be charged with admission, witness was acting within scope of authority and statements were made before termination of agency relation); *Collins v Wayne Corp.,* 621 F.2d 777, 781-82, (5th Cir. 1980) (Report and deposition testimony of expert hired by party to investigate accident was admissible as admission of party)

The Lewis Olds Report is relevant on several grounds which the United States implicitly acknowledged when it furnished a copy of the report to Mr. Hanke as part of the materials provided him for his work in preparing his opinions for this litigation. Without regard to the burden shifting provisions of Section 7491, the United States contends that its deficiency assessment is entitled to a presumption of correctness which must be rebutted by the taxpayer. The deficiency assessment was based on the Lewis Olds Report and thus it is evidence relevant to the correctness of that assessment.

Additionally, in the course of his work, Mr. Olds applied appraisal methodologies and calculated values for the asset at issue in this litigation. Although he had the Olds report and purported to apply appraisal methodology similar to that applied by Mr. Olds, Mr. Hanke's appraisal work differed significantly from Mr. Olds in several key respects, thereby casting doubt on the correctness of the Olds Report as well as his own. For example, in his valuation of the asset at issue, Mr. Olds applied a minority discount of 15% , a 25% greater discount for this factor than the 12% discount applied by Mr. Hanke. Both Mr. Olds and Mr. Hanke used a discount percentage to discount future tax liability to present value but Mr. Olds used 8% while Mr. Hanke used 12.70%.

Under FRE 401, evidence is relevant if it has the tendency to make any fact of consequence to the determination of the action more or less probable than it would be without the evidence. The Olds report tends to make it less probable that Mr. Hanke's calculations by which he derived a value for the asset at issue are correct than would be the case without the Olds report. The Olds report is relevant evidence.

**2. The Learned Treatises – Plaintiff's Exhibits 33 – 36, 38, 39 and 40 - 50**

The learned treatises that plaintiff wishes to use for purposes of selected statements and cross-examination are identified in Attachments D, G and K to the declaration of Greg

Montgomery. They are Exhibits 33,34,35,36 and 38 through 50 on Plaintiff's List of Exhibits, Attachment A to the declaration of Greg Montgomery.

Under FRE 803 (18) learned treatises include published treatises, periodicals or pamphlets. Statements from the identified learned treatises are not hearsay to the extent the statements are relied on by experts in the field to which the treatise relates or are called to the attention of a similarly qualified expert on cross-examination. The evidence that plaintiff seeks to offer under FRE 803(18) includes both the books identified as plaintiff's Exhibits 33 – 36 and 38, appraisal standards recognized by both United States' experts identified as plaintiff's Exhibit 39 and the articles and studies identified as plaintiff's Exhibits 40 – 50. *Tart v. McGann,* 697 F.2d 75, 77 (2nd Cir. 1982) (learned treatise may include articles and booklets as long as they meet the requirements of FRE 803(18) and are offered as such); *Johnson v. William C. Ellis & Sons Iron Works,* 609 F.2d 820 (5th Cir. 1980) (learned treatises are not limited to treatises dealing with "exact sciences" and may include safety codes and standards)

As is apparent from their titles, the books from which plaintiff may wish to offer statements all deal with the valuation of businesses and interests in businesses. The articles and studies included in plaintiff's Exhibits 40-50 all concern themselves with the calculation of appropriate value discounts to account for the fact that the asset being valued is a non-controlling interest in a business or is not readily marketable.

All of the books identified as sources for substantive evidence by recitation of statements contained in the books were expressly relied on by plaintiff's experts in the preparation of their reports and opinions. Attachment F to the declaration of Greg Montgomery is the list of reference materials relied on by Mr. Rabe in preparing his rebuttal report. This list includes each of the books from which plaintiff wishes to offers evidence under FRE 803(18).

In addition, Mr. Hanke's report reflects that, in preparing his report and opinions, he relied on the books listed by plaintiff as Exhibits 33, 34, and 35. Attachment E to the declaration of Greg Montgomery is page 22 from Mr. Hanke's report where he identifies the reference material he relied on in preparing his report.

The reports of Mr. Hanke for the United States and Mr. Rabe for plaintiff discuss and rely on all of the articles and studies that are identified as plaintiff's Exhibits 40 – 50. Attachment H to the declaration of Greg Montgomery contains true and correct copies of pages 26 and 28-29 from Mr. Hanke's report which discuss each of the studies and articles contained in plaintiff's Exhibits 40 – 50. Similarly, Attachment I to the declaration of Greg Montgomery contains pages 15 – 26 of Mr. Rabe's report where he discusses each of the articles and studies identified in plaintiff's Exhibits 40 – 50.

Attachment K to the declaration of Greg Montgomery contains plaintiff's Exhibit 39 which is a portion of the appraisal standards promulgated by the Appraisal Foundation and endorsed by the American Society of Appraisers. As Attachment L reflects both Mr. Olds and Mr. Hanke acknowledge that these standards apply to their appraisal work in this instance.

**3. Market Reports and Commercial publications – Plaintiff's Exhibit 37**

FRE 803(17) excepts from hearsay objections to admissibility market quotations or other published compilations generally used and relied upon by persons in particular occupations. Attachment J contains plaintiff's Exhibit 37 which is a publication of interest rates being paid on government debt instruments that mature within various time frames at or about the valuation date at issue in this litigation. This compilation of information was in the files produced by Mr. Hanke and was relied on by Mr. Hanke in the preparation of his report.

CONCLUSION

For the reasons stated above, plaintiff's Exhibits 24 and 33-50 are admissible. All are either not considered hearsay under FRE 801 or are excepted from exclusion as hearsay under FRE 803. The reliance on these materials by the experts who will testify, as reflected in reports, demonstrates the relevance of these exhibits to the issues before the Court. All of these exhibits should be deemed admissible for use in accordance with the applicable evidence rules.

Respectfully Submitted,

s/ Paul W. Oden
PAUL W. ODEN
Attorney of Record
Miller Nash LLP
601 Union Street #4400
Seattle, WA 98101
(206) 622-8484 Phone
(206) 622-7485 Fax

OF COUNSEL

s/ Greg Montgomery
GREG MONTGOMERY

SEPTEMBER 17, 2007

SEADOCS:292187.1