# In the United States Court of Federal Claims

No. 06-351 T

(E-Filed: October 4, 2007)

| | |
|---|---|
| _____ ) <br> ) <br> ) <br> GISELE C. FISHER, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Pre-Trial; Objection to Exhibits; Whether Valuation Report Prepared by IRS Consultant is Admissible in De Novo Proceeding by Taxpayer to Obtain Refund; Whether Learned Treatises Relied on by Plaintiff's Expert May Be Received Under Fed. R. Evid. 803(18). |

<u>Paul W. Oden</u>, Seattle, WA, with whom was <u>Greg Montgomery</u>, for plaintiff.

<u>Robert J. Higgins</u>, with whom were <u>Richard T. Morrison</u>, Acting Assistant Attorney General, <u>David Gustafson</u>, Chief, and <u>G. Robson Stewart</u>, Reviewer, Court of Federal Claims Section, and <u>Joseph B. Syverson</u>, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for defendant.

<u>ORDER</u>

I.   Introduction

Before the court are Plaintiff's Memorandum in Support of Admission of Challenged Exhibits (Pl.'s Memo or Plaintiff's Memo) and Defendant's Response to Plaintiff's Memorandum in Support of Admission of Challenged Exhibits (Def.'s Resp. or Defendant's Response). The parties filed these documents in response to the court's order of September 11, 2007, which ordered the parties to submit briefing in support of

their positions regarding the admissibility of a number of plaintiff's exhibits. Order of Sept. 11, 2007 1. For the following reasons, defendant's objections to plaintiff's exhibits are SUSTAINED with the exception of the Federal Reserve Statistical Release, which plaintiff refers to as its "Exhibit 37."[1] Pl.'s Memo 4; Declaration of Greg Montgomery In Support of Plaintiff's Memorandum Re: Admissibility of Exhibits (Plaintiff's Declaration or Pl.'s Decl.), Attachment A. With regard to that specific exhibit, the court finds that objection MOOT because defendant has reserved its objection for trial. Def.'s Resp. 8. As to the remaining exhibits in question and for the following reasons, defendant's objections to exhibit numbers 24, 33-36, and 38-50 are SUSTAINED and those exhibits will not be admitted at trial.

II.     Specific Exhibits

Plaintiff and defendant discuss in their briefings three different categories of exhibits: an expert report produced by Lewis Olds & Associates (Lewis Olds Report); a series of learned treatises; and the Federal Reserve Statistical Release. Pl.'s Memo passim; Def.'s Resp. passim. The court addresses each category below.

   A.     Lewis Olds Report

Plaintiff seeks to admit into evidence as an exhibit a report entitled "Review of Corporate Advisory Services' Appraisal of a Minority Common Stock Interest in D.R. Fisher Company," which was prepared by Lewis Olds & Associates for the Internal Revenue Service (IRS) on November 5, 2003. Pl.'s Decl., Attachment B 1. Citing Federal Rule of Evidence (FRE) 801(d)(2)(B, D), plaintiff argues that the Lewis Olds Report is not hearsay because it is an adopted statement and an admission by defendant. Pl.'s Memo 1-2. Plaintiff argues that, because defendant hired Lewis Olds & Associates to prepare the Lewis Olds Report and that the Lewis Olds Report allegedly was "the basis for the deficiency assessment in this case," the government "adopted the [Lewis Olds R]eport as its own." Id. at 2. Plaintiff also argues that "Mr. Olds was employed by the IRS as a contractor for the purpose of preparing the report at issue and that he prepared the report during the course of his employment," id., which leads plaintiff to assert that

---

[1] It has come to the court's attention that plaintiff has changed its exhibit numbers during the pre-trial process in response to its withdrawing an exhibit from its list. See Defendant's Response to Plaintiff's Memorandum in Support of Admission of Challenged Exhibits (Def.'s Resp. or Defendant's Response) 2. The court has ordered that, as the parties revise their exhibit lists, the parties shall not alter the numbers that identify each exhibit on subsequent exhibit lists. See Order of Sept. 27, 2007 1. In the interest of clarity in this Order, the court will refer to each exhibit in question either by a description of its contents or with the numbers used by plaintiff in Declaration of Greg Montgomery In Support of Plaintiff's Memorandum Re: Admissibility of Exhibits (Pl.'s Decl.), Attachment A.

the Lewis Olds Report "is an admission of the United States and is not hearsay," id.  The absence of argument by defendant on the hearsay point makes it appear that defendant concedes the point.  Hearsay, of course, is only one of several possible bars to admissibility.

With regard to the relevance of the Lewis Olds Report, plaintiff argues that it is relevant to the case because "[t]he deficiency assessment was based on the Lewis Olds Report."  Id.  Plaintiff further argues that, under FRE 401, "evidence is relevant if it has the tendency to make any fact of consequence to the determination of the action more or less probable than it would be without the evidence," id., and plaintiff asserts that the Lewis Olds Report "tends to make it less probable that Mr. Hanke's [defendant's expert's] calculations by which he derived a value for the asset at issue are correct," id., thereby classifying the Lewis Olds Report as "relevant evidence," id.

Defendant addresses plaintiff's relevancy arguments by stating that the Lewis Olds Report is not relevant because this lawsuit is a de novo proceeding.  Def.'s Resp. 2.  Because a refund suit is a de novo proceeding, defendant argues, "[T]he finder of fact in a tax refund suit should give 'no weight . . . to subsidiary factual findings made by the [IRS] in its internal administrative proceedings.'"  Id. at 3 (quoting Cook v. United States, 46 Fed. Cl. 110, 113 (2000) (internal citation omitted)).  Further, defendant argues that the Lewis Olds Report "is not relevant for the purpose that plaintiff intends to offer it," Def.'s Resp. 4, because "plaintiff's burden of proof is to establish that she is entitled to a refund of tax, not to establish that the [IRS] somehow erred in the administrative proceedings that led up to the assessment of that tax," id.  Because the court determines that the report is inadmissible on other grounds, the court finds it unnecessary to address the disputed issue of relevance.

Defendant argues that, "to the extent that plaintiff may be contending that the [Lewis Olds Report] is admissible simply because its conclusions [may be] . . . different than those made by defendant's expert," the document is inadmissible for such rebuttal purposes.  Id.  Defendant argues that the Lewis Olds Report is inadmissible for rebuttal purposes on procedural grounds.  Id.  The court set forth in its Order dated October 4, 2006 and filed October 5, 2007 (Order of Oct. 5, 2007) that:

> Expert Discovery.  All expert discovery, including the exchange of expert reports and the completion of expert depositions, shall be completed on or before Monday, July 2, 2007.  Plaintiff's expert(s) and report(s) shall be disclosed on or before Thursday, March 1, 2007.  Deposition(s) of plaintiff's expert(s) shall be completed on or before Monday, April 2, 2007.  Defendant's responsive expert(s) and report(s) shall be disclosed on or

before Monday, April 16, 2007. Deposition(s) of defendant's expert(s) shall be completed on or before Tuesday, May 15, 2007. Disclosure of any rebuttal expert report(s) by either party shall be submitted on or before Friday, June 1, 2007. Deposition(s) of any rebuttal expert(s) by either party shall be completed on or before Monday, July 2, 2007.

Order of Oct. 5, 2006 1-2. Rule of the Court of Federal Claims (RCFC) 26(a)(2) requires that a party "disclose to other parties the identity of any person who may be used at trial to present evidence under" the FRE governing expert testimony. RCFC 26(a)(2)(A). Subsection B of RCFC 26(a)(2) relates directly to reports and stipulates that "this disclosure shall, . . . be accompanied by a written report prepared and signed by the witness." RCFC 26(a)(2)(B). Subsection C specifies that "[t]hese disclosures shall be made at the times and in the sequence directed by the court." RCFC 26(a)(2)(C).

Defendant notes that plaintiff did not "identify Mr. Olds as a rebuttal expert witness on or before June 1, 2007, nor did plaintiff identify his report as a rebuttal report on or before that date, both as required [by Rules of the Court of Federal Claims (RCFC)] 26(a)(2) and by the [c]ourt's order of October 4, 2006." Def.'s Resp. 4. Because plaintiff failed to disclose the Lewis Olds Report to defendant on or before June 1, 2007, defendant's objection to the admission of the Lewis Olds Report is sustained.

Defendant also argues that "plaintiff's attempt to introduce Mr. Old's report for [rebuttal] is tantamount to an attempt to offer the opinions of a party-opponent's non[-]testifying consulting expert against the party, which has been held by multiple courts to be inconsistent with Federal Rule of Civil Procedure [(FRCP)] 26(b)(4)(B), which is substantively similar to RCFC 26(b)(4)(B)." Def.'s Resp. 4-5 (citing Durflinger v. Artiles, 727 F.2d 888, 891 (10th Cir. 1984); Wang Labs., Inc v. Toshiba Corp., 762 F. Supp. 1246, 1248 (E.D. Va. 1991)). The court agrees. RCFC 26(b)(4)(B) provides that a party may "discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in RCFC 35(b) [setting forth a series of steps to be followed by the parties when examining an expert's report] or upon a showing of exceptional circumstances." RCFC 26(b)(4)(B). Plaintiff's attempt to admit the Lewis Olds Report on the eve of trial violates the protocols set forth by RCFC 26(b)(4)(B) and 35(b).

Finally, defendant points out that plaintiff cannot use the Lewis Olds Report to impeach defendant's expert, Mr. Hanke, because "the statements therein are Olds', not Hanke's." Def.'s Resp. 5. The court agrees. The evidentiary rules do not allow for impeachment of an expert witness by statements made by someone else that are contained

in a report.  See generally Fed. R. Evid.  Rather, one may impeach a witness by prior statements only when those statements are made by the witness himself.  See Fed. R. Evid. 613(a) ("In examining a witness concerning a prior statement made by the witness . . .").

      B.      Learned Treatises

Plaintiff seeks to admit into evidence a number a number of books and articles that "deal with the valuation of businesses and interests in businesses."  Pl.'s Memo 3; see Pl.'s Decl., Attachment A no. 33-36, 38-50 (listing the titles of the books and articles). Plaintiff claims that these books and articles "were expressly relied on by plaintiff's experts in the preparation of their reports and opinions."  Id. at 3.  Plaintiff argues that these books and articles are admissible under FRE 803(18), which provides a hearsay exception for learned treatises.  Id.

Defendant counters that, "[t]o the extent that plaintiff does intend to offer these treatises themselves into evidence, plaintiff is prohibited from doing so by [FRE] 803(18), which plainly provides that learned treatises may not themselves be received into evidence as exhibits."  Def.'s Resp. 6.  Quoting the Advisory Committee's Note to FRE 803(18), defendant claims that "the last sentence of the rule constitutes a 'limitation upon receiving the publication itself physically into evidence.'"  Id. (quoting Fed. R. Evid. 803(18) advisory committee's note).  Defendant points again to the Advisory Committee's Note to support its argument that "the purpose behind [FRE 803(18)] is to 'avoid[] the danger of misunderstanding and misapplication' of the learned treatise by the finder of fact 'by limiting the use of treatises as substantive evidence to situations in which an expert is on the stand and available to explain and assist in the application of the treatise if desired.'"  Id.  Defendant therefore argues that "[p]laintiff, by attempting to introduce these exhibits into evidence rather than introducing the statements through expert testimony, is attempting to deprive the finder of fact of the assistance of expert testimony in understanding the statements contained in the exhibits."  Def.'s Resp. 7.

As an initial matter, the books and articles listed in Plaintiff's Declaration, Attachment A, no. 33-36, 38-50 fall under the category of hearsay because each book and article is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  Generally speaking, hearsay is not admissible.  Id. at 802.  There are certain exceptions to the hearsay rule, whereby evidence is not excluded even though the declarant is available as a witness.  Id. at 803.  Learned treatises fall under one of these exceptions.  Id. at 803(18).  FRE 803(18) states:

> Learned Treatises.  To the extent called to the attention of an expert witness upon cross-examination or relied upon by the expert witness in direct examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice.  <u>If admitted, the statements may be read into evidence but may not be received as exhibits</u>.

<u>Id.</u> (emphasis added).

Under a plain language interpretation, the court understands the last sentence of the rule to mean simply that a learned treatise may not be received as an exhibit.  The Advisory Committee Notes to FRE 803(18) support this view: "The rule avoids the danger of misunderstanding and misapplication by limiting the use of treatises as substantive evidence to situations in which an expert is on the stand and available to explain and assist in the application of the treatise if declared.  The limitation upon receiving the publication itself physically in evidence, contained in the last sentence, is designed to further this policy." Fed. R. Evid. 803(18) advisory committee's note.

A widely-used practice guide to the Federal Rules of Evidence provides further support for the court's position and discusses the proper means of introducing and challenging in court the statements contained within a learned treatise.  A "learned treatise" is "[a] treatise, periodical, or pamphlet on a subject of history, medicine, or other science or art . . . if it has been established as a reliable authority by the testimony of the expert who relied upon it or to whose attention it was called." Matthew Bender 1-6 Fed. Evid. Practice Guide § 6.06(18).  "When statements from a learned treatise are admitted into evidence, they may be read to the finder of fact, but the statements themselves may not be admitted as documentary evidence unless they are admissible under some other exception to . . . the hearsay rule." <u>Id.</u>  Statements in a learned treatise are admissible under FRE 803(18) "to the extent they have been relied upon by an expert witness in the formulation of his . . . direct testimony or if they have been called to his . . . attention during cross-examination." <u>Id.</u>  "Once the expert witness has recognized that the publication is authoritative, it is, of course, appropriate to cross-examine the expert with regard to statements it contains.  It is equally appropriate to cross-examine an expert witness with statements from a publication he or she does not recognize, so long as the publication has been previously established as authoritative by the testimony of another expert in the field or by judicial notice." <u>Id.</u>

Case 1:06-cv-00351-ECH   Document 32   Filed 10/04/07   Page 7 of 8

It appears to the court that plaintiff plans to introduce the books and articles listed as exhibit numbers 33-36 and 38-50 as exhibits at trial. For the foregoing reasons, plaintiff will not be permitted to do so. If plaintiff wishes to introduce at trial relevant statements from those learned treatises, plaintiff may do so, provided and to the extent they have been relied on by an expert witness in the formulation of his or her direct testimony, by instructing her witnesses to read the statements into the record. However, the treatises themselves may not be admitted into evidence as exhibits. Defendant's objection to plaintiff's exhibits numbered 33-36 and 38-50 is, therefore, SUSTAINED.

        C.        Federal Reserve Statistical Release

Plaintiff wishes to introduce a Federal Reserve Statistical Release (Release) as an exhibit at trial. Pl.'s Memo 4. Plaintiff states that the Release falls under exception 17 to the hearsay rule because "FRE 803(17) excepts from hearsay objections to admissibility market quotations or other published compilations generally used and relied upon by persons in particular occupations." Id. Plaintiff states that the Release "is a publication of interest rates being paid on government debt instruments that mature within various time frames at or about the valuation date at issue in this litigation" and that it is a "compilation of information [that] was in the files produced by Mr. Hanke [defendant's expert witness] and was relied on by Mr. Hanke in the preparation of his report." Id.

Defendant simply counters that plaintiff's "[i]dentifying the source of the document . . . does not qualify it within the exception to the hearsay rule," Def.'s Resp. 7-8, and that plaintiff has not "establish[ed] sufficient foundation for its admission," id. at 8. Defendant then states that it "reserves this objection for trial." Id.

Because defendant has reserved its objection for trial, the court finds that defendant's pre-trial objection to exhibit number 37 is MOOT. If defendant believes that it has cause to object to this exhibit at trial, defendant may raise its objection at that time.

III.    Conclusion

For the foregoing reasons, defendant's objections to plaintiff's exhibits, to the extent described in Part II of this Order, are SUSTAINED. If plaintiff wishes to have particular statements from its exhibit numbers 33-36 and 38-50, as numbered in Plaintiff's Declaration, Attachment A, read into evidence at trial,

7

plaintiff shall, to the extent reasonably practicable, identify to defendant those statements in advance in order to assist in the expeditious resolution of any further disputes.

    IT IS SO ORDERED.

                              s/ Emily C. Hewitt
                              EMILY C. HEWITT
                              Judge